JOHNSON, Judge
(dissenting).
I cannot agree with the Per Curiam opinion adopted by a majority of this court in this case.
Here we have a set of facts involving title to real property. One cotenant, one of the heirs of the last record title owner, had been in possession of the property for a number of years. Admittedly, the one in possession had paid taxes, but at the same time, we should not lose sight of the fact that this one paying the taxes had also had the use of the property all these years.
The complaint alleges that title vested in B. H. Sanders and W. J. Hogan by virtue of a Tax Deed in 1926. That B. H. Sanders’ wife, Pearl H. Sanders, was the daughter of W. J. Hogan. The plaintiffs are the children of the deceased B. IT. and Pearl H. Sanders. The intervenor-defendants are the remaining five children of W. J. Hogan, and are aunts and uncles of the plaintiffs, whose father and mother are both deceased. The intervenor-defendants, the aunts and uncles, are not made parties to the complaint. There is an allegation by the plaintiffs that it was their “information and belief” that there was an instrument of conveyance from W. J. Hogan conveying his undivided one-half interest in said lands to B. H. Sanders, which apparently was never recorded nor could it be produced.
Prior to bringing the suit to quiet title to said lands, an abstract of title was obtained which revealed the fact that the intervenor-defendants were the record owners of % of one half of the land in question. Then, before filing suit revealing the true record of the title as set out in the complaint, the plaintiffs, or one of them, proceeded to obtain quit-claim deeds from the uncles and aunts, for nominal consideration of one dollar each, except one for $25.00. Britain H. Sanders, Jr., one of the plaintiffs, appears to be the party obtaining the quitclaim deeds. The evidence is conflicting as just what excuse was used in getting the quit-claim deeds signed. It is clear, however, that at no time did the plaintiff reveal to the uncles and aunts just what the abstract of title revealed. Instead he asked: them if they had any interest in the land and through ignorance on their part said not insofar as they knew. Here is where the fraud comes in, in my opinion. The plaintiff knew these quit-claimers had a valid legal interest. No matter how long the cotenant had been in possession, under the facts related in this case, adverse possession could not have run, and therefore the record title of the intervenors’ parent, W. J. Hogan, was still good.
There is in my opinion a fiduciary relationship existing between cotenants which required the plaintiffs to disclose all the facts of the record title at the time of procuring the quit-claim deeds. 33 Fla. Jur., Trusts, Sec. 65n. The plaintiff knew the value of the interests of his aunts and uncles, knew the record revealed them to still be owners. Being the most charitable possible to the plaintiff who procured the quit-claims, still leaves me with the distinct and fixed impression that he set out to fool his old uncles and aunts, most of whom were well advanced in age, and in which nephew-plaintiff the uncles and aunts reposed complete confidence. This is taking advantage of old people not only by virtue of having knowledge superior to them, but also, betraying a position of trust.
The chancellor found that plaintiffs’ title was based upon the quit-claim deeds as to the Y(, interest. It is my opinion therefore, inasmuch as the deeds were obtained by fraud and false representation and certainly inadequate consideration, in the light of the acreage involved, that such deeds could not withstand attack and the plaintiffs’ title fails. Without the deeds, adverse possession could not and did not run against the intervenor-defendants.
The evidence of the false representation' or at least, failure of plaintiffs to make full disclosure of facts within their superior knowledge, was certainly sufficient to sustain the counterclaim of the intervenors *637 and I think the chancellor erred in his application of law and equity to facts as revealed.
Therefore, I would reverse and remand with instructions to enter a decree in accordance with this opinion.